# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JACKLYN ROSE CATALDO,

    Plaintiff,

v.                      No. 1:25-cv-00287-KK

MONARCH PROPERTIES, INC,
VANESSA PINTO,
LIDIA ASTORGA and
DOES I – XXV,

    Defendants.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*,
ORDER GRANTING MOTION TO EXCEED PAGE LIMIT,
ORDER REGARDING ADDRESSES FOR SERVICE AND
ORDER TO SHOW CAUSE REGARDING RESTRICTED DOCUMENTS**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed March 19, 2025, Plaintiff's Ex Parte Motion to Exceed the Pro-Se Civil Rights Complaint Page Limit, Doc. 4, filed March 19, 2025 ("Motion to Exceed Page Limit"), and Plaintiff's Ex Parte Motion for Court Order Directing United States Marshal's Office to Serve Defendants due to the Plaintiff's Indigency Without Prepayment, Doc. 5, filed March 19, 2025 ("Motion for Service").

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of

>[28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $943.00; (ii) Plaintiff's monthly expenses total $943.00; and (iii) Plaintiff has $27.00 in cash and a bank account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of these proceedings and her total monthly expenses equal her low monthly income.

**Order Granting Motion to Exceed Page Limit**

Plaintiff filed her Complaint using the five-page form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. *See* Doc. 1, filed March 19, 2025. Plaintiff seeks permission to "exceed this Court pre-approved pro-se Civil Rights Complaint form page limit" due to the "complex and lengthy set of material facts." Motion to Exceed Page Limit at 1-2. The Court grants Plaintiff's Motion to Exceed Page Limit.

**Order Regarding Addresses for Service**

Plaintiff asks the Court to order the United States Marshals Service to serve the three named Defendants in this case. *See* Motion for Service at 1-2. Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court cannot order service at this time because Plaintiff has not provided the Defendants' addresses for service. The Court orders Plaintiff to file a notice that provides the service address for each Defendant.

**Order to Show Cause Regarding Restricted Documents**

Plaintiff filed her Motion to Exceed Page Limit and her Motion for Service "Ex Parte" which restricts access to those documents to Court users and Plaintiff.

> "Courts have long recognized a common-law right of access to judicial records," but this right "is not absolute." *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007); *see, e.g., Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("It is *uncontested* ... that the right to inspect and copy judicial records is not absolute." (emphasis added)). We may, in our discretion, "seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985)) (internal quotation marks omitted). "In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id.* (quoting *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980)) (internal quotation marks omitted). To overcome this presumption against sealing, the party seeking to seal records "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1135–36 (10th Cir. 2011) (quoting *Helm,* 656 F.3d at 1292) (internal quotation marks omitted).

*JetAway Aviation, LLC v. Bd. Of County Comm'rs of County of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014). Plaintiff has not shown a real and substantial interest that justifies depriving Defendants and the public of access to the Motion to Exceed Page Limit and the

3

Motion for Service. The Court orders Plaintiff to show cause why the Court should not make the Motion to Exceed Page Limit and the Motion for Service available to Defendants and the public.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed March 19, 2025, is **GRANTED.**

(ii)  Plaintiff's Ex Parte Motion to Exceed the Pro-Se Civil Rights Complaint Page Limit, Doc. 4, filed March 19, 2025, is **GRANTED.**

(iii) Plaintiff shall, within 21 days of entry of this Order, file a notice that provides the service address for each named Defendant.  Failure to timely provide the address for each named Defendant may result in dismissal of claims against those Defendants.

(iv)  Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not make Plaintiff's Ex Parte Motion to Exceed the Pro-Se Civil Rights Complaint Page Limit, Doc. 4, filed March 19, 2025, and Plaintiff's Ex Parte Motion for Court Order Directing United States Marshal's Office to Serve Defendants due to the Plaintiff's Indigency Without Prepayment, Doc. 5, filed March 19, 2025, available to Defendants and the public.  Failure to timely show cause may result in the Court granting Defendants and the public access to the Motions.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**