IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACKLYN ROSE CATALDO,

    Plaintiff,

v.                                                                                      No. 1:25-cv-00287-SMD-KK

MONARCH PROPERTIES, INC,
VANESSA PINTO,
LIDIA ASTORGA and
DOES I – XXV,

    Defendants.

## ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff and Defendant Monarch Properties, Inc.'s Stipulation of Dismissal, Doc. 28, filed June 27, 2025 ("Stipulation"), Plaintiff's Motion Requesting a Court Order to Withdraw from the Pending Stipulated Defendant's Motion to Dismiss Without Prejudice, Doc. 29, filed September 9, 2025 ("Motion"), and Plaintiff's Motion Requesting the Court's Ruling on Plaintiff's Pending Motion to Withdraw from the Pending Stipulated Defendants Motion to Dismiss Without Prejudice, Doc. 31, filed October 6, 2025 ("Motion for a Ruling on Plaintiff's Pending Motion").

Plaintiff and Defendant Monarch Properties, Inc., stated "the parties have amicably resolved this matter" and requested that the Court "enter an Order approving this stipulation and dismissing the above captioned and numbered action in its entirety, without prejudice." Stipulation at 1.

Rule 41 of the Federal Rules of Civil Procedure provides that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). The Stipulation did not result in dismissal of this case on June 27, 2025, because counsel for Defendant Monarch Properties was delinquent in paying his

Federal Bar dues. *See* D.N.M.LR-Civ. 83.2(i) ("An attorney who fails to pay dues on time will be put on delinquent status and will not be allowed to practice in this District. The attorney will be reinstated upon payment of the delinquent dues"). United States Magistrate Judge Kirtan Khalsa notified Counsel for Monarch Properties that failure to pay his delinquent dues may result in the Court striking the Stipulation. *See* Order to Show Cause, Doc. 30, filed September 24, 2025. Counsel for Monarch Properties has since paid his Federal Bar dues and is reinstated to practice before this Court.

Plaintiff seeks to withdraw from the Stipulation alleging "Defendants are continuing the unconstitutional issues in this complain and additional unconstitutional issues as well." Motion at 1. The Court denies Plaintiff's Motion because Plaintiff does not describe Defendants' actions, has not shown that Defendants' actions subsequent to the Stipulation constitute a breach of her agreement with Defendants, has not provided a copy of her agreement with Defendants, has not cited any authority supporting her request to withdraw from the Stipulation based upon acts that occurred after she filed her Complaint, and has not indicated that the other parties have consented to withdrawal of the Stipulation. *See* D.N.M.LR-Civ. 7.2 ("A motion, response or reply must cite authority in support of the legal positions advanced"); D.N.M.LR-Civ. 7.7 ("Withdrawal requires consent of all other parties or approval of the Court"). Because it is denying Plaintiff's Motion, the Court denies as moot Plaintiff's Motion for a Ruling on Plaintiff's Pending Motion.

The Court dismisses this case without prejudice because: (i) counsel for Monarch Properties has paid his delinquent bar dues; and (ii) the Court is denying Plaintiff's Motion to withdraw from the Stipulation.

**IT IS ORDERED** that:

(i)   Plaintiff's Motion Requesting a Court Order to Withdraw from the Pending Stipulated Defendant's Motion to Dismiss Without Prejudice, Doc. 29, filed September 9, 2025, is **DENIED.**

(ii)  This case is **DISMISSED without prejudice.**

(iii) Plaintiff's Motion Requesting the Court's Ruling on Plaintiff's Pending Motion to Withdraw from the Pending Stipulated Defendants Motion to Dismiss Without Prejudice, Doc. 31, filed October 6, 2025, is **DENIED as moot.**

_____
**UNITED STATES DISTRICT JUDGE**